David M. Wahlquist (3349)
dwahlqui@kmclaw.com
**KIRTON McCONKIE**
60 East South Temple, Suite 1800
Salt Lake City, Utah 84101-0004
Telephone:  (801) 328-3600
Fax: (801) 321-4893

*Attorneys for Defendant Cargolux Airlines International S.A.*

---

### IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

### CENTRAL DIVISION

---

| | | |
|---|---|---|
| ALMAC SA, | : | |
| | : | |
| Plaintiff, | : | **DEFENDANT CARGOLUX** |
| | : | **AIRLINES INTERNATIONAL S.A.'S** |
| vs. | : | **ANSWER TO PLAINTIFF'S** |
| | : | **COMPLAINT AND CROSS-CLAIM** |
| PANALPINA LTD; PANALPINA SA; | : | |
| PANALPINA, INC.; CARGOLUX | : | |
| AIRLINES INTERNATIONAL S.A.; LAND | : | Civil No.  2:12-cv-00951-TS |
| AIR EXPRESS, INC.; WILLOW EXPRESS, | : | |
| INC.; and A BETTER PALLET CO., LLC, | : | Honorable Ted Stewart |
| | : | |
| Defendants. | : | |

---

### ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Cargolux Airlines International S.A. ("Cargolux"), answers the complaint of

Plaintiff Almac SA ("Plaintiff's Complaint ), as follows:

1.  Cargolux admits the allegations contained in paragraph 1 of  Plaintiff's Complaint.

2.  Cargolux admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

4843-2493-7747.1

3.     Cargolux lacks sufficient information upon which to base a belief regarding the truth of the allegations contained in paragraph 3 of Plaintiff's Complaint, and therefore denies the same.

4.     Cargolux lacks sufficient information upon which to base a belief regarding the truth of the allegations contained in paragraph 4 of Plaintiff's Complaint, and therefore denies the same.

5.     Cargolux lacks sufficient information upon which to base a belief regarding the truth of the allegations contained in paragraph 5 of Plaintiff's Complaint, and therefore denies the same.

6.     Cargolux lacks sufficient information upon which to base a belief regarding the truth of the allegations contained in paragraph 6 of Plaintiff's Complaint, and therefore denies the same.

7.     Anwering the allegations contained in paragraph 7 of Plaintiff's Complaint, Cargolux admits that it is a business entity organized and existing by virtue of the laws of Luxembourg with a place of business at Findel Airport, LU- 2990 Luxembourg, but denies the remaining allegations contained in said paragraph.

8.     Cargolux lacks sufficient information upon which to base a belief regarding the truth of the allegations contained in paragraph 8 of Plaintiff's Complaint, and therefore denies the same.

9.      Cargolux lacks sufficient information upon which to base a belief regarding the truth of the allegations contained in paragraph 9 of Plaintiff's Complaint, and therefore denies the same.

10.      Cargolux lacks sufficient information upon which to base a belief regarding the truth of the allegations contained in paragraph 10 of Plaintiff's Complaint, and therefore denies the same.

11.      Cargolux incorporates by reference its answers to paragraphs 1 through 10 of Plaintiff's Complaint as its answer to paragraph 11 thereof.

12.      Cargolux lacks sufficient information upon which to base a belief regarding the truth of the allegations contained in paragraph 12 of Plaintiff's Complaint, and therefore denies the same.

13.      Cargolux lacks sufficient information upon which to base a belief regarding the truth of the allegations contained in paragraph 13 of Plaintiff's Complaint, and therefore denies the same.

14.      Cargolux lacks sufficient information upon which to base a belief regarding the truth of the allegations contained in paragraph 14 of Plaintiff's Complaint, and therefore denies the same.

15.      Cargolux lacks sufficient information upon which to base a belief regarding the truth of the allegations contained in paragraph 15 of Plaintiff's Complaint, and therefore denies the same.

16.     Cargolux lacks sufficient information upon which to base a belief regarding the truth of the allegations contained in paragraph 16 of Plaintiff's Complaint, and therefore denies the same.

17.     Cargolux lacks sufficient information upon which to base a belief regarding the truth of the allegations contained in paragraph 17 of Plaintiff's Complaint, and therefore denies the same.

18.     Cargolux incorporates by reference its answers to paragraphs 1 through 17 of Plaintiff's Complaint as its answer to paragraph 18 thereof.

19.     Answering the allegations contained in paragraph 19, Cargolux admits that it agreed to arrange for the transport of certain machines and accessories in October 2010, but lacks sufficient information upon which to base a belief regarding the truth of the remaining allegations contained in said paragraph, and therefore denies the same.

20.     Cargolux lacks sufficient information upon which to base a belief regarding the truth of the allegations contained in paragraph 20 of Plaintiff's Complaint, and therefore denies the same.

21.     Cargolux lacks sufficient information upon which to base a belief regarding the truth of the allegations contained in paragraph 21 of Plaintiff's Complaint, and therefore denies the same.

22.     Cargolux denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

4

23.     Cargolux lacks sufficient information upon which to base a belief regarding the truth of the allegations contained in paragraph 23 of Plaintiff's Complaint, and therefore denies the same.

24.     Cargolux denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

25.     Cargolux incorporates by reference its answers to paragraphs 1 through 24 of Plaintiff's Complaint as its answer to paragraph 25 thereof.

26.     Cargolux lacks sufficient information upon which to base a belief regarding the truth of the allegations contained in paragraph 26 of Plaintiff's Complaint, and therefore denies the same.

27.     Cargolux lacks sufficient information upon which to base a belief regarding the truth of the allegations contained in paragraph 27 of Plaintiff's Complaint, and therefore denies the same.

28.     Cargolux lacks sufficient information upon which to base a belief regarding the truth of the allegations contained in paragraph 28 of Plaintiff's Complaint, and therefore denies the same.

29.     Cargolux lacks sufficient information upon which to base a belief regarding the truth of the allegations contained in paragraph 29 of Plaintiff's Complaint, and therefore denies the same.

30.     Cargolux lacks sufficient information upon which to base a belief regarding the truth of the allegations contained in paragraph 30 of Plaintiff's Complaint, and therefore denies the same.

31.     Cargolux lacks sufficient information upon which to base a belief regarding the truth of the allegations contained in paragraph 31 of Plaintiff's Complaint, and therefore denies the same.

32.     Cargolux incorporates by reference its answers to paragraphs 1 through 31 of Plaintiff's Complaint as its answer to paragraph 32 thereof.

33.     Cargolux lacks sufficient information upon which to base a belief regarding the truth of the allegations contained in paragraph 33 of Plaintiff's Complaint, and therefore denies the same.

34.     Cargolux lacks sufficient information upon which to base a belief regarding the truth of the allegations contained in paragraph 34 of Plaintiff's Complaint, and therefore denies the same.

35.     Cargolux lacks sufficient information upon which to base a belief regarding the truth of the allegations contained in paragraph 35 of Plaintiff's Complaint, and therefore denies the same.

36.     Cargolux lacks sufficient information upon which to base a belief regarding the truth of the allegations contained in paragraph 36 of Plaintiff's Complaint, and therefore denies the same.

37.     Cargolux lacks sufficient information upon which to base a belief regarding the truth of the allegations contained in paragraph 37 of Plaintiff's Complaint, and therefore denies the same.

38.     Cargolux lacks sufficient information upon which to base a belief regarding the truth of the allegations contained in paragraph 38 of Plaintiff's Complaint, and therefore denies the same.

39.     Cargolux incorporates by reference its answers to paragraphs 1 through 38 of Plaintiff's Complaint as its answer to paragraph 39 thereof.

40.     Cargolux lacks sufficient information upon which to base a belief regarding the truth of the allegations contained in paragraph 40 of Plaintiff's Complaint, and therefore denies the same.

41.     Cargolux lacks sufficient information upon which to base a belief regarding the truth of the allegations contained in paragraph 41 of Plaintiff's Complaint, and therefore denies the same.

42.     Cargolux lacks sufficient information upon which to base a belief regarding the truth of the allegations contained in paragraph 42 of Plaintiff's Complaint, and therefore denies the same.

43.     Cargolux lacks sufficient information upon which to base a belief regarding the truth of the allegations contained in paragraph 43 of Plaintiff's Complaint, and therefore denies the same.

44.     Cargolux lacks sufficient information upon which to base a belief regarding the truth of the allegations contained in paragraph 44 of Plaintiff's Complaint, and therefore denies the same.

45.     Cargolux lacks sufficient information upon which to base a belief regarding the truth of the allegations contained in paragraph 45 of Plaintiff's Complaint, and therefore denies the same.

46.     Cargolux denies each allegation contained in Plaintiff's Complaint not expressly admitted herein.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Cargolux upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by one or more provisions of the Warsaw Convention and the Convention for the Unification of Certain Rules Relating to International Transportation by Air, commonly known as "The Montreal Convention."   These provisions include, without limitation, conditions precedent for liability, limitation on the amount and type of damages recoverable, requirements for notice of damage within fourteen (14) days from the date of receipt of the cargo, and limitation on the time for bringing action under Articles 31 and 35, among others.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint against Cargolux is barred because any damage caused to the referenced machines and accessories was caused by others for whom Cargolux is not legally responsible.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred for failure to comply with the Terms and Conditions applicable to any undertaking by Cargolux, including but not limited to limitations on the amount and type of damages, time for giving notice of damage, time for presentation of a formal claim, and limitations of liability.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint against Cargolux is barred by failure of one or more conditions precedent.

### SEVENTH AFFIRMATIVE DEFENSE

Any damages caused by the negligence of parties other than Cargolux may not be attributable to Cargolux. Cargolux hereby notifies all other parties of its demand for an apportionment of fault for such damages amongst all parties and appropriate non-parties.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred in whole or part by the economic loss doctrine.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing and is not the real party in interest.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred for failure to join indispensable parties.

## PRAYER

Wherefore, Cargolux prays the Court to dismiss Plaintiff's Complaint against it with prejudice and to award Cargolux its costs and attorneys fees incurred herein.

## CROSS-CLAIM

Cargolux Airlines International SA ("Cargolux") cross-claims against co-defendants Panalpina Ltd., Panalpina SA, Panalpina, Inc., Willow Express, Inc., Land Air Express, Inc. and A Better Pallett (collectively, "Cross-Defendants") as follows:

## PARTIES

1.       Cargolux is a business entity organized and existing under the laws of the Luxembourg, with an office and place of business at Findel Airport, LU – 2990 Luxembourg.

2.       Upon information and belief, Panalpina, Ltd. is a business entity organized and existing under the laws of Switzerland with an office and place of business at Chemin de las Combeta 5, 2301 La Chaux-de-Fonds, Switzerland which was and now is engaged in business as a common carrier of goods by air and/or motor for hire.

3.       Upon information and belief, Panalpina, SA is a business entity organized and existing under the laws of Switzerland with an office and place of business at Chemin de las

Combeta 5, 2300 La Chaux-de-Fonds, Switzerland which was and now is engaged in business as a common carrier of goods by air and/or motor for hire.

4.      Upon information and belief, Panalpina, Inc. is a business entity organized and existing under the laws of Colorado with an office and place of business at 4735 Oakland Street, Denver, Colorado 80224 which was and now is engaged in business as a common carrier of goods by air and/or motor for hire.

5.      Upon information and belief, Willow Express, Inc. is a Utah corporation with its principal place of business in Grantsville, Utah, and conducts business in the State of Utah as a common carrier of goods by air and/or motor for hire.

6.      Upon information and belief, Land Air Express, Inc. is a Kentucky corporation with its principal place of business in Bowling Green, Kentucky, and conducts business in the State of Utah as a common carrier of goods by air and/or motor for hire.

7.      Upon Information and belief, A Better Pallett is a Utah corporation with its principal place of business in Salt Lake City, Utah, and conducts business in the State of Utah as a common carrier of goods by air and/or motor for hire.

<u>**FIRST CLAIM FOR RELIEF**</u>
**(Contractual, Common Law, Equitable and/or Implied Indemnification Against All Cross Defendants)**

8.      Cargolux hereby incorporates paragraphs 1 through 7 of its Cross-Claim in this First Claim For Relief.

9. In Plaintiff's complaint, Plaintiff alleges negligence against Cargolux in part upon the assertion that Cargolux received, accepted and agreed to transport machine parts and that said machine parts were damaged giving rise to liability under a theory of negligence.

10. Cargolux has denied liability and asserted affirmative defenses to Plaintiff's claims against it.  However, to the extent that Plaintiff's negligence claims against Cargolux survive, Cargolus alleges the following with respect to all of the Cross-Defendants.

11. Either by written or oral agreement, applicable conventions, or other terms, conditions and laws applicable to the transport of the machinery parts, all Cross-Defendants accepted responsibility to ship such goods on behalf of Plaintiff, each Cross-Defendant being responsible for a specific leg of the delivery process.

12. Either by written or oral agreement, applicable conventions, or other terms, conditions and laws applicable to the transport of the machinery parts, all Cross-Defendants agreed among themselves that each Cross-Defendant would perform its part of the delivery process competently and free from negligence.

13. If any party breached that agreement, applicable conventions or other applicable terms, conditions and laws, and caused harm to the machinery parts for which Cargolux is now being sued, then that Cross-Defendant is obligated to indemnify and hold Cargolux harmless for any such damage.

14.     Cargolux is entitled to judgment against such Cross-Defendant for any damages incurred by Cargolux as a result of such Cross-Defendant's breach of the referenced agreements, conventions, or other applicable terms, conditions or laws.

## SECOND CLAIM FOR RELIEF
### (Apportionment of Fault)

15.     Cargolux incorporates by reference paragraphs 1 through 14 of its Cross-Claim in this Second Claim For Relief.

16.     Upon information and belief, one or more of the Cross-Defendants breached its duty of care owed to Plaintiff and/or Cargolux.

17.     Each Cross-Defendant should be held responsible only for its respective negligence.

18.     Cargolux hereby demands apportionment of fault to the Cross-Defendants to the extent each is found to be responsible for any damage to the machinery parts.

19.     Upon information and belief, Cargolux believes that the damage, if any, occurred when the goods were being transferred between Land Air Express, Inc., Willow Express, Inc. and A Better Pallett.  Accordingly, Cargolux apportions fault to Land Air Express, Inc., Willow Express, Inc. and A Better Pallett specifically.

## PRAYER FOR RELIEF

WHEREFORE, Cargolux prays the Court for judgment against all Cross-Defendants as follows:

1.      For an order from the Court that any negligence or other liability asserted in Plaintiff's Complaint found against Cargolux by the Plaintiff be passed through to Cross-Defendants as alleged herein;

2.      For an order from the Court that any breach of any duty owed by Cargolux to Plaintiff be passed through to Cross-Defendants;

3.      For an Order from the Court ordering that Cross-Defendants indemnify and hold Cargolux harmless from losses, costs, liabilities, attorneys fees, costs and expenses incurred by Cargolux as a result of Plaintiff's claims; and

4.   For such other and further relief as the Court deems just in the premises.

DATED this 7th day of March, 2013.

KIRTON | McCONKIE


/s/ David M. Wahlquist
David M. Wahlquist
*Attorneys for Defendant Defendant Cargolux Airlines
    International S.A.*

14

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of March, 2013, I caused a true and correct copy of the

foregoing **ANSWER OF DEFENDANT CARGOLUX AIRLINES INTERNATIONAL S.A.**

to be served on the following by the method indicated below:

| | |
|---|---|
| Donald J. Winder | (X) U.S. Mail, Postage Prepaid |
| John W. Holt | (  ) Hand Delivered |
| Colin R. Chipman | (  ) Overnight Mail |
| WINDER & COUNSEL | (  ) Facsimile |
| 460 South 400 East | (  ) Via email |
| Salt Lake City, Utah  84111 | |
| | |
| Brian P. R. Eisenhower | (X) U.S. Mail, Postage Prepaid |
| 45 Broadway, Suite 1500 | (  ) Hand Delivered |
| New York, NY | (  ) Overnight Mail |
| | (  ) Facsimile |
| | (  ) Via email |
| | |
| William H. Christensen | (X) U.S. Mail, Postage Prepaid |
| Jon A. Reed | (  ) Hand Delivered |
| LARSEN CHRISTENSEN AND RICO, PLLC | (  ) Overnight Mail |
| 50 West Broadway, Suite 400 | (  ) Facsimile |
| Salt Lake City, Utah  84101 | (  ) Via email |
| | |
| Justin R. Olsen | (X) U.S. Mail, Postage Prepaid |
| OLSEN SKOUBYE & NIELSON | (  ) Hand Delivered |
| 999 E. Murray-Holladay Road, Siote 200 | (  ) Overnight Mail |
| Salt Lake City, Utah 84117 | (  ) Facsimile |
| | (  ) Via email |
| | |
| S. Grace Acosta | (X) U.S. Mail, Postage Prepaid |
| Dustin D. Gibb | (  ) Hand Delivered |
| SCALLEY READING BATES HANSEN | (  ) Overnight Mail |
| & RASMUSSEN, P.C. | (  ) Facsimile |
| 15 West South Temple, Suite 600 | (  ) Via email |
| Salt Lake City, 84101 | |

/s/ Brianne Fallis