IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ALMAC SA,<br><br>    Plaintiff,<br><br>vs.<br><br>PANALPINA LTD; PANALPINA SA; PANALPINA, INC.; CARGOLUX AIRLINES INTERNATIONAL S.A.; LAND AIR EXPRESS, INC.; WILLOW EXPRESS, INC.; and A BETTER PALLET CO., LLC;<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR SANCTIONS UNDER RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br><br><br>Case No. 2:12-CV-951 TS |

      This matter is before the Court on Defendant Willow Express Inc.'s ("Willow Express") Motion for Sanctions Under Rule 11 of the Federal Rules of Civil Procedure.  Defendant is seeking dismissal of the claims against it and an award of attorneys' fees.  For the reasons discussed below, the Court will deny Defendant's Motion.

1

I.  BACKGROUND

This case arises out of the shipment of bar drilling machines and accessories from Switzerland to Utah.  Plaintiff alleges that although the equipment was shipped in good condition, it was damaged during transit.  Plaintiff brought its Complaint against several different common carriers, claiming that the damage was caused by one or more of the Defendants.  In its October 11, 2012 Complaint, Plaintiff made the following specific allegations against Defendant Willow Express:

> In or about October 2010, there was delivered to Willow in good order and condition a shipment of bar drilling machines and accessories, suitable in every respect for the intended transportation which Willow received, accepted, and agreed to transport for certain consideration within the State of Utah.
> Thereafter, Willow failed to deliver the shipment in the same good order and condition.
> In Utah, one of the crates was found to have red tilt watches, indicating that the crate had been tipped, and the bar drilling machine contained therein was found to have suffered damage during transit.
> By reason of the foregoing, Willow was negligent and careless in its handling of Plaintiff's cargo, violated its duties and obligations as common carriers and bailees of said cargo, and were otherwise at fault.[1]

Willow Express filed its Answer on December 13, 2012.  Shortly thereafter, on January 4, 2013, counsel for Willow Express sent a letter to Plaintiff's counsel, threatening to file a motion for sanctions unless Plaintiff voluntarily withdrew its claims against Willow Express or further justified its claims.[2]  In support of its letter, Willow Express's owner, Conrad Shultz, submitted a declaration in which he stated that although Willow Express had contracted to transport the

---

[1]Docket No. 2, at 6-7.

[2]Docket No. 27 Ex. B, at 1-2.

equipment from the airport terminal to South Jordan, it had not been able to do so because the equipment was too large to be transported on any of Willow Express's vehicles.[3] Consequently, Willow Express contracted with Defendant A Better Pallet Co. ("ABP") to move the equipment.[4] As a result, "[n]either Willow Express, nor any of its employees or officers ever took possession of, moved, examined, touched, handled, or exercised control over the Equipment."[5] Counsel for Willow Express stated that, under these facts, the claims against Willow Express were meritless.[6]

Over the course of the next month, counsel for Plaintiff and Willow Express exchanged correspondence in which they expressed their differing views on Plaintiff's claims against Willow Express.[7] On Feburary 7, 2013, Willow Express moved for an entry of sanctions against Plaintiff pursuant to Fed. R. Civ. P. 11 for failing to reasonably investigate the facts underlying its claims against Willow Express.

## II. LEGAL STANDARD

Under Fed. R. Civ. P. 11(b), an attorney who signs a pleading "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . the factual contentions have evidentiary support . . . ."[8] Rule 11 "imposes an

---

[3] Docket No. 37, at 2.

[4] *Id*.

[5] *Id.* at 3.

[6] Docket No. 27 Ex. B, at 2.

[7] *See id.* Ex. B.

[8] Fed. R. Civ. P. 11(b).

affirmative duty on an attorney to make a reasonable inquiry into the facts and law before filing a pleading.[9] "In deciding whether to impose Rule 11 sanctions, a district court must apply an objective standard; it must determine whether a reasonable and competent attorney would believe in the merit of an argument."[10]

This Court has previously found that, "'[w]hile Rule 11 sets a threshold for the factual and legal assertions of a complaint, it is not a broad mechanism for testing the sufficiency of a plaintiff's claims.'"[11]  In other words, "'Rule 11 should not be used to raise issues as to the legal sufficiency of a claim or defense that more appropriately can be disposed of by a motion to dismiss, a motion for judgment on the pleadings, a motion for summary judgment, or a trial on the merits.'"[12]

### III.  DISCUSSION

Willow Express makes two arguments in support of its Motion: (1) that Plaintiff did not fulfill its duty to reasonably investigate the facts of its claims against Willow Express; and (2) that under the actual facts "there is no legal theory upon which Plaintiff could recover against Willow Express . . . ."[13]  The Court will consider these arguments in turn.

---

[9]*Arbuckle Wilderness, Inc. v. KFOR TV, Inc.*, 76 F.3d 392, 392 (10th Cir. 1996) (citing *Coffey v. Healthtrust, Inc.*, 1 F.3d 1101, 1104 (10th Cir. 1993)).

[10]*Dodd Ins. Servs., Inc. v. Royal Ins. Co. of Am.*, 935 F.2d 1152, 1155 (10th Cir. 1991).

[11]*DeMarco v. LaPay*, 2011 WL 320912, at *2 (D. Utah Feb. 1, 2011) (quoting *Ross v. Mukasey*,  2009 WL 4250124, at *1 (D. Colo. Nov. 24, 2009)).

[12]*Id.* (quoting 5A CHARLES WRIGHT, ARTHUR MILLER & EDWARD COOPER, FEDERAL PRACTICE AND PROCEDURE § 1336 (3d ed. 2009)).

[13]Docket No. 27, at 3.

A.     FAILURE TO INVESTIGATE

Willow Express argues that a reasonable inquiry into the facts surrounding Plaintiff's claims would have revealed that "[n]either Willow Express, nor any of its employees or officers ever took possession of, moved, examined, touched, exercised control or handled the Equipment."[14]  Plaintiff does not dispute this.  In fact, Plaintiff's counsel has submitted a declaration in which he claims that his investigation revealed that Willow Express had determined the equipment was too large to transport on its trucks and had contracted with ABP to move the equipment.[15]  He further states that Willow Express has not alleged any facts that were not discovered in the course of his investigation.[16]  In support of this claim, Plaintiff points to the fact that it included ABP as a Defendant in its Complaint.

Willow Express responds that, if that is the case, then Plaintiff had no basis for asserting that the equipment was delivered to Willow Express or that Willow Express was negligent in handling the equipment.  Plaintiff argues that, as Willow Express is a common carrier that had contracted to move the equipment, Willow Express was responsible for the equipment until it was delivered, regardless of whether any Willow Express employees physically moved the equipment.

An examination of the pleadings in the Complaint reveal that, although Plaintiff's allegations could have been more precisely drafted, the language supports Plaintiff's claims.

---

[14]*Id.* at 5.

[15]Docket No. 29, at 2.

[16]*Id.* at 2-3.

Furthermore, Plaintiff's counsel informed Defense counsel of its reasoning by email prior to the filing of the Motion for Sanctions.[17] In addition, the fact that Plaintiff alleged claims against ABP supports its assertion that a reasonable investigation was performed, and that the relevant facts were known at the time Plaintiff filed its Complaint.

For the reasons stated above, the Court finds that Plaintiff performed a reasonable inquiry under the circumstances.

B. ADEQUATE LEGAL THEORIES

Willow Express argues that if Plaintiff did in fact perform a reasonable investigation and learn the relevant facts, then Plaintiff should not have filed its claims, as Willow Express cannot be found liable under any of Plaintiff's legal theories. Willow Express argues that Utah statutes and case law foreclose each of Plaintiff's legal theories.

In reviewing these arguments, it appears that Willow Express is attempting to use Rule 11 as a vehicle to challenge the merits of Plaintiff's claims. Although it does not appear that Plaintiff's claims are frivolous, it is possible that they may be unable to prevail on them. However, any evaluation of Willow Express's arguments would require the Court to make a determination on the merits of these claims. The Court has previously found that Rule 11 is not the appropriate vehicle for such argument and will therefore deny the Motion for Sanctions.[18]

---

[17] Docket No. 27 Ex. B, at 14-15.

[18] *DeMarco*, 2011 WL 320912, at *3 (citing *Truong v. Smith*, 28 F. Supp. 2d 626, 633 (D. Colo. 1998) (denying motion for sanctions because it invoked the merits of the case and "[s]uch arguments . . . are more properly presented in a motion for summary judgment under Rule 56")).

Should Willow Express desire to attack the merits of Plaintiff's claims, it may do so by filing the appropriate motion under the relevant Federal Rules.

IV. CONCLUSION

It is therefore

ORDERED that Defendant Willow Express Inc.'s Motion for Sanctions Under Rule 11 of the Federal Rules of Civil Procedure (Docket No. 27) is DENIED.

The hearing set for April 22, 2013 is STRICKEN.

DATED April 18, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge